**Ruffin GARDNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Dec. 14, 1982.

Jack Emory Farley, Public Advocate, Michael A. Wright, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

O'HARA, Justice.

This criminal conviction comes to us out of the Jefferson Circuit Court as a result of a two count indictment charging the appellant, Ruffin Gardner, with the offense of robbery in the first degree. The trial of this case resulted in the jury returning guilty verdicts on each count and a recommendation of ten years on the first count and fifteen years on the second.

In a bifurcated hearing charging him with being a persistent felony offender in the first degree the jury enhanced the punishment on the first count to 101 years and an additional 101 years enhancement on the second count. The trial judge sentenced the defendant to 202 years and his order required the defendant to serve these terms consecutively. This review is handled as a matter of right in view of the magnitude of the term of years.

The appellant has raised six errors in this appeal. Since it is our conclusion, having reviewed the entire matter, that a new trial must be had by virtue of the trial court's failure to comply with the clear provisions of KRS 504.040, we will not discuss the other alleged errors.

The factual background necessary is that during the pleadings filed prior to trial counsel for the appellant filed a "Motion to Refer Defendant to Forensic Center" and set out five reasons why the defendant should be examined to determine his mental condition and, particularly, his mental capacity of understanding the nature and object of the proceedings against him, as well as his capability to assist counsel in his own defense. There is an unsigned order appearing in the record and evidently no direct action was taken on said motion.

When the case was called for trial and the defendant being present, it becomes apparent from the record that statements contained therein attributed to the appellant were totally incoherent and unresponsive to questions put to him by the court. The record reflects that there were at least seven incidents during the course of this trial that the court received the same incoherent and unresponsive answers to questions propounded to the appellant by the court. As a result of this, the majority of the trial was conducted with the defendant out of the courtroom. He was, however, brought back into the courtroom, in the presence of the jury, on several occasions in handcuffs and shackles, but his disruptive nature caused him to be removed each time. The record reflects that his total conduct was a mental aberration in that the answers to the court's questions showed total lack of comprehension. Reference is made in the transcript that the court was in possession of a report "made by the psychiatric evaluation", but that document was never made a part of the record. The transcript does reflect that the court on its own motion called Dr. Judith Jefferson, a part-time employee with the Department of Corrections, whose testimony indicated that approximately a week before trial she examined the defendant for half an hour and

found on the date of that brief examination that "I didn't really find any evidence of a mental disorder, but he has had some drug problems in the past, and he has what we term antisocial personality." When asked the specific question in the cross-examination "Do you think in your professional judgment, he is competent to stand trial?" she replied "Well, I don't think that I can make that statement." At this point the court interrupted and said "Doctor, wasn't that the purpose of your examination to determine his competence to stand trial?" Answer "No, I don't do those. I don't do competency. I just do court evaluations."

At this stage of the proceedings, it was clear that the trial court was obligated to invoke the unambiguous language of KRS 504.040(2) which provides:

(2) If upon arraignment, or during any stage of the proceedings, the court has reasonable grounds to believe that the defendant is incompetent, as defined in subsection (1) of this section, to stand trial, the court shall: (a) appoint at least one qualified psychiatrist to examine and report upon the mental condition of the defendant; . . .

Therefore, the trial judge when faced with the incoherent and unexplained conduct of the defendant, was compelled in order to protect the due process rights of the appellant to obtain a current up-to-date professional opinion of the mental capacity of the accused to appreciate the nature and consequences of the proceedings against him and that he had the requisite mental capacity to participate rationally in his own defense.

The mind of the trial judge was such that he was dubious concerning the incoherent incantations of the defendant and no doubt the court was somewhat justified in maintaining a high degree of dubiosity concerning his conduct. In short, the dilemma was—was the defendant malingering or doing it intentionally or was it due to a true psychiatric disorder. Recognizing that dilemma, it is apparent that the statute is designed to reconcile in the record and, if

necessary, with a separate evidentiary hearing, whether the mental aberration or disorder of the accused is real or feigned. We are bound by the Constitution and the construction given to it by the United States Supreme Court in *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; "In *Pate v. Robinson,* 383 US 375, 15 LEd 2d 815, 86 SCt 836 (1966), we held that the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial."

In utilizing a Missouri statute substantially identical to ours, that court held "that a trial judge shall . . . 'upon his own motion . . .' order a psychiatric examination whenever he 'has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed.' "

In the instant case, at the time of and on the date of the trial when it was established that this change of conduct was observed in the appellant's behavioral pattern, not only was an examination necessitated by the controlling statute, but if the report was unclear or contradictory, an evidentiary hearing should be held to resolve any uncertainty. Neither was utilized in the instant case.

Accordingly, the conviction in the Jefferson Circuit Court is reversed and the judgment entered thereon is reversed and this cause is remanded to the Jefferson Circuit Court for procedure not inconsistent with this opinion. The Commonwealth is free to retry the appellant, assuming, of course, that at the time of such trial he is competent to be tried.

All concur.